| | | |
|---|---|---|
| STATE OF OREGON | ) | |
| | ) ss: | AFFIDAVIT OF CLINTON LINDSLY |
| County of Multnomah | ) | |

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Clinton Lindsly, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.    I have been employed as a Special Agent (SA) by the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) since August 2010. I am currently assigned to the child exploitation unit in the HSI office in Portland, Oregon. Previously, I was assigned to the HSI office in Los Angeles, California, where I worked for over six years in a money laundering and narcotics group that specialized in undercover operations. In 2018, I transferred to HSI Portland and continued to specialize in money laundering and narcotics investigations until January 2020. My formal law enforcement training includes successfully completing the 23-week HSI basic training course at the Federal Law Enforcement Training Center in Glynco, Georgia. During that training, I learned how to conduct child exploitation investigations. Since then, I have been involved in many child exploitation investigations and have assisted federal and state partners during their investigations. As such, I have become familiar with ways that child pornography is shared, distributed, and/or produced, including the use of various social media websites (Facebook, Twitter, Kik, Snap Chat, Discord, etc.), "cloud" based storage, and peer-to-peer (P2P) networks. Often, individuals involved in child exploitation will collect or store images and/or videos on various media devices they keep at their residences, or in offsite locations such as "cloud" based storage. I have also become familiar with jargon or slang terms that people involved in child exploitation will use to discuss their activities.

2.  I have worked with agents involved in numerous investigations involving the sexual exploitation of children or the distribution, receipt, and possession of child pornography. I have participated in searches of premises and assisted in gathering evidence pursuant to search warrants, including search warrants in multiple child pornography investigations. I have participated in interviews of persons who possess and distribute child pornography.

3.  I have participated in online undercover communications using messaging platforms with hundreds of people interested in the production, distribution, and receipt of child pornography. In my undercover role I have assisted in the administration of private chat groups dedicated to the production, distribution, and receipt of child pornography. As such, I have become familiar with platforms used to facilitate the production, distribution, and receipt of child pornography and their purposes.

4.  I submit this affidavit in support of a criminal complaint and arrest warrant for **Travis Jay GRYGLA**, for violations of *18 U.S.C. § 2252A(a)(5)(B)* – Possession of or Accessing with Intent to View Child Pornography, referred to as the "**Target Offense**." As set forth below, I have probable cause to believe that **GRYGLA** committed the **Target Offense** on at least April 14, 2024.

5.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

**Page 2 – Affidavit of Clinton Lindsly**

## Applicable Law

6.  *Title 18, United States Code, § 2252A(a)(5)(B)* makes it a crime to knowingly possess or access with intent to view child pornography that has been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

7.  The term "child pornography" is defined in 18 U.S.C. § 2256(8), and includes any visual depiction of a child under the age of 18 years engaging in sexually explicit conduct. "Sexually explicit conduct" is defined in 18 U.S.C. § 2256(2) and includes sexual intercourse, whether genital-genital, oral-genital, anal-genital, or oral-anal, whether between members of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; and the lascivious exhibition of the genitals, anus, or pubic area of any person.

## Statement of Probable Cause

*Summary of Investigation*

8.  In April 2024, HSI received information that **Travis Jay GRYGLA** was storing and sharing child pornography at his residence located at 2901 SE 119th Ave ROOM 3, Portland, OR 97266 (**GRYGLA's** residence) via hidden SD cards in his bedroom, which is a shared bedroom with another roommate. **GRYGLA** was also alleged to be in possession of an unauthorized cell phone in violation of his current terms of probation.

9.  The investigation identified **GRYGLA** as a registered sex offender on federal probation in the District of Oregon. **GRYGLA** has multiple previous convictions for sexually abusing children and possession and distribution of child pornography. Each of **GRYGLA's**

**Page 3 – Affidavit of Clinton Lindsly**

subsequent convictions after his first was committed while he was on supervision and/or probation

*Search Warrant Obtained and Executed*

10.     On April 23, 2024, and based the above investigation, the Honorable Jolie A. Russo, United States Magistrate Judge, signed a search warrant authorizing the searches of **GRYGLA's** person, his vehicles, and his residence located at 2901 SE 119th Ave, Portland, OR 97266 (**GRYGLA's** residence).   This warrant was assigned case number 3:24-mc-446 and was filed under seal.   Additionally, Judge Russo also signed a search warrant authorizing investigators to obtain real-time GPS location data of **GRYGLA's** cell phone (360-901-5375). This warrant was assigned case number 3:24-mc-443, also filed under seal.

11.     On April 24, 2024, at approximately 7:30 a.m., investigators detained **GRYGLA** near his residence while driving his BMW sedan.   The BMW sedan was listed in the above search warrant.   During a search of the BMW, I located **GRYGLA's** cell phone (360-901-5375), a MP3 player that contained an SD card, and several other storage devices that appeared to be for video games.   I provided a copy of the search warrant to **GRYGLA** and generally explained that he was identified to be possessing and sharing child pornography via SD cards and that he possessed an unauthorized cell phone in violation of his conditions of probation.

12.     After being advised of his *Miranda* rights, **GRYGLA** stated that the only SD card he possessed was in his MP3 player in the BMW, that he did not have an unauthorized cell phone, and that he did not know what I was talking about.   **GRYGLA** was detained pending investigation.

13.     At approximately 8:00 a.m., investigators executed the search warrant at **GRYGLA's** residence.   During a search of the bedroom, I located a black Samsung cell phone

**Page  4 – Affidavit of Clinton Lindsly**

in the side pocket of a La-Z-Boy-style chair that was in the middle of the room between the two beds.  Additionally, investigators located a SD card and multiple SD card adaptors on the nightstand next to **GRYGLA's** bed.  I provided the black Samsung cell phone to another officer on the scene to start a preliminary forensic review.  I also provided this information to **GRYGLA's** federal probation officer, who began working to secure an arrest warrant for probation violations for the possession of unauthorized devices.  At the conclusion of the search warrant, I anticipated arresting **GRYGLA** pursuant to this warrant.

14.     **GRYGLA's** roommate was present during the search warrant and I spoke with him.[1]  Initially, when asked if **GRYGLA** had any additional phones other than his probation phone (i.e., a flip phone), the roommate stated that he did not see him with any.  The roommate also stated that he had never seen **GRYGLA** with any SD cards.  When confronted with the fact that a black Samsung cell phone was found in the chair and that SD cards were in plain view on the nightstand, the roommate eventually admitted that the cell phone used to belong to him, that it was an old phone, and that it just eventually disappeared.  When pressed further about the phone, the roommate admitted that he gave the phone to **GRYGLA** in approximately November 2023 and that **GRYGLA** was on the phone almost every day.  The roommate claimed that he did not know what **GRYGLA** was doing on the phone.

15.     When asked what the passcode was to the phone, the roommate provided the passcode.  I then tried the passcode and the phone unlocked.  When questioned as to how

---

[1] The roommate is currently on state probation for threatening communications to a high school and is a registered sex offender for a previous sex assault.  The roommate claimed that he was approximately 19 years old and had sex with someone that was 15 years old.  I believe the roommate to be credible to the extent his statements were independently corroborated by my preliminary review of the black Samsung cell phone.

**Page  5 – Affidavit of Clinton Lindsly**

**GRYGLA** would know the passcode, the roommate also eventually admitted that he provided the passcode to **GRYGLA** when he gave him the phone. The roommate adamantly denied that he used the phone after providing it to **GRYGLA**.

16.     Approximately an hour into the execution of the search warrant, **GRYGLA** took control of a police car and fled the scene. **GRYGLA** had been left seated in the passenger seat of the police car with the window down and an officer standing outside the vehicle. After learning that officers had found the hidden phone in his room, **GRYGLA** turned to the officer standing outside the vehicle and said "This is not going to go good for me," locked the doors, put up the window, and slid over into the driver seat. **GRYGLA** then accelerated away from the scene at a high rate of speed. Several investigators heard the officer who had been outside the vehicle calling for help and were able to get into their vehicles and pursue **GRYGLA**. Some of the investigators activated their emergency lights and sirens.[2] It should be noted that the evidence seized from **GRYGLA's** residence was inside the vehicle when **GRYGLA** stole it. Additionally, two firearms and additional police gear were located in a locked vault in the back of the car.

17.     **GRYGLA** traveled on various surface streets and eventually west on Division Street at a high rate of speed and then merged northbound onto I-205. While merging onto the freeway, an HSI agent attempted to overtake **GRYGLA's** vehicle for purposes of blocking him. However, **GRYGLA** rammed the side of the HSI agent's police car, who then slowed down and got back behind **GRYGLA**. **GRYGLA** was pursued I-205 northbound to I-5 northbound into

---

[2] A body worn camera was left recording inside the vehicle and has not been reviewed yet. These statements are from the memory of the officers immediately following the incident and may slightly differ from what is contained on the body worn camera.

**Page 6 – Affidavit of Clinton Lindsly**

the state of Washington. **GRYGLA** was estimated to be traveling between 115–120 miles per hour on the freeway. Portland Police Bureau, Vancouver Police Department, Washington State Patrol, and Cowlitz County also assisted in the pursuit. **GRYGLA** was able to avoid multiple attempts at spike strips on the freeway but was eventually spiked and the front driver side tire was deflated. **GRYGLA** continued to elude police officers while driving on the exposed metal rim of the front tire until finally exiting the freeway in Castle Rock, Washington, where a precision immobilization technique (PIT) was employed. The vehicle flipped upside down and came to a stop. **GRYGLA** was taken into custody without further incident and was transported to the hospital where he was medically evaluated and discharged into police custody. Investigators were able to recover the black Samsung cell phone and SD cards from the wrecked police car. These items were transported to the HSI Portland field office for additional forensic processing. However, currently investigators have not been able to locate the storage devices that appeared to be for video games seized from the BMW, which were in the vehicle when **GRYGLA** stole it.

18. I traveled to the hospital in Washington and arrested **GRYGLA** pursuant to the outstanding probation warrant and additional pending federal charges from the current investigation. I transported **GRYGLA** to the Multnomah County Detention Center in Portland, Oregon pending his initial appearance in federal court.

19. Once back at the office, I conducted a manual review of the black Samsung cell phone recovered from the chair in **GRYGLA's** bedroom. During a review of media files, I located dozens of images and videos of adult pornography. I also located videos of child pornography. Specifically, I located two videos of child pornography that appeared to have been saved to the cell phone on April 14, 2024. The videos are as follows:

**Page 7 – Affidavit of Clinton Lindsly**

    a. A video that was 12 minutes and 31 seconds in length. The video depicted a female child, approximately 12–14 years of age, naked and sitting in an apparent bathroom with her legs spread towards the camera. The child masturbates using a hairbrush.

    b. A video that was 18 minutes and 41 seconds in length. The video depicted a female child, approximately 11–13 years of age, naked and kneeling on the floor. The child's ankles and wrists are bound by black rope and/or a dog leash. The child also has rope around her neck and is wearing a mask concealing her face. An adult male inserts his erect penis into the mouth of the child. After several minutes, the video then cuts to the same bound child lying on her back. An adult male inserts a dildo into the anus of the child and performs oral sex on the child. The adult male then places his penis on the anus and vagina of the child and appears to ejaculate onto the child's vagina.

20. Given my concerns that the black Samsung cell phone may belong to the roommate, I also conducted a review for attribution evidence. Specifically, that the phone was used and belonged to **GRYGLA** and not the roommate. During my review, I located numerous screenshots depicting various files and/or pay stubs with **GRYGLA's** name. This information is consistent with **GRYGLA** being the owner and user of the black Samsung cell phone and not the roommate. For example:

    a. March 25, 2024, image date: I located five screenshots/images of apparent pay stubs from Frito Lay in the name of **GRYGLA**. **GRYGLA** is employed at Frito Lay in Vancouver, Washington.

**Page 8 – Affidavit of Clinton Lindsly**

  b. April 11, 2024, image date: I located five screenshots/images of apparent insurance cards from Progressive in the name of **GRYGLA**. The insurance cards listed both of **GRYGLA's** vehicles (a Dodge RAM and a BMW). The insurance policy was effective on February 17, 2024, and expired on August 17, 2024.

  c. April 22, 2024, image date: I located five screenshots of apparent pay stubs from Frito Lay in the name of **GRYGLA**.

 21. I also conducted a review for social media applications and located the Telegram application installed and signed into an account name "Tj." **GRYGLA's** full name is "Travis Jay Grygla," consistent with the nickname of "Tj." I also observed that the Telegram account was linked to phone number 360-901-5375, which is **GRYGLA's** cell phone number. This is also the phone number that I was pinging pursuant to the search warrant described above.

 22. During my review of chat communications, I did not locate any that appeared to involve the sexual exploitation of children. However, many of the chats appeared to be related to the solicitation of adult women for photographs. I also observed that in at least three different chats, the user "Tj" sent selfie pictures. These pictures were of **GRYGLA**. These "selfie" pictures of **GRYGLA** were sent on at least March 25, March 30, and March 31 of 2024. In one instance, a user asked "Tj" what his name was and he said "Travis." This information is consistent with **GRYGLA** being the owner and user of the black Samsung cell phone and not the roommate during the time period when child pornography was saved on the cell phone.

 23. I also located a folder in the photographs called "Facebook." When I opened the folder I did observe a picture of a male that I recognized as the roommate. However, the photograph was saved to the cell phone on April 28, 2023, approximately one year ago. I also located another picture that depicted the roommate, but the photograph appeared to have been

saved to the cell phone on February 1, 2023. This is consistent with the phone previously belonging to the roommate in early 2023.

24. Based on the above facts, I believe that **GRYGLA** has committed the **Target Offense**.

### Conclusion

25. Based on the foregoing, I have probable cause to believe that **Travis Jay GRYGLA** committed violations of *18 U.S.C. § 2252A(a)(5)(B)* – Possession of or Accessing with Intent to View Child Pornography (**Target Offense**). I therefore respectfully request that the Court issue a criminal complaint and arrest warrant charging **GRYGLA** with this offense.

26. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney Mira Chernick. AUSA Chernick advised me that in her opinion, the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

    *(By telephone)*
CLINTON LINDSLY
Special Agent
Homeland Security Investigations

Sworn to before me telephonically or by other reliable means pursuant to Fed. R. Crim. P. 4.1 at 10:40 am on April 25, 2024.

*/s/ Jolie A. Russo*
HONORABLE JOLIE A. RUSSO
United States Magistrate Judge

Page 10 – Affidavit of Clinton Lindsly