

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Mira Chernick**
Assistant U.S. Attorney
mira.chernick@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 23, 2025

Ryan Costello
Office of the Public Defender
101 SW Main St #1700
Portland, OR 97204

    Re:    *United States v. Travis Jay Grygla*, Case No. 3:25-cr-00217-AN
            Plea Agreement Letter

Dear Counsel:

This letter will set forth the government's plea offer in this case.

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and plead guilty to Count One of the Information, which charges defendant with Distribution of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(2), and Count Two of the Information, which charges the defendant with Theft of Public Property in violation of Title 18, United States Code, Section 641. Count One further alleges a prior conviction under 18 U.S.C. § 2252A(b)(2), which triggers enhanced statutory penalties.

3. **Penalties**: Count One carries a maximum penalty of 40 years imprisonment, a mandatory minimum sentence of 15 years imprisonment, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment. Under 18 U.S.C. § 3014(a), the offense carries an additional $5,000 fee assessment for non-indigent persons. Count Two carries a maximum penalty of 10 years imprisonment, a fine of $250,000, a term of supervised release of three years, and a $100 fee assessment. Defendant may also be required to pay

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 2
May 19, 2025

restitution to any victim of the offenses to which he is pleading guilty. Defendant agrees to pay the fee assessment by the time of sentencing. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.  **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.  **Dismissal/No Additional Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, between on or about the dates alleged in Count One, in the District of Oregon, defendant knowingly distributed material that contains child pornography, as defined in 18 U.S.C. § 2256(8);

Second, defendant knew the material he distributed contained child pornography; and

Third, the child pornography defendant distributed had been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer, or the child pornography was produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

In order for defendant to be found guilty of Count Two of the Information, the government must prove the following elements beyond a reasonable doubt:

First, one or about the date alleged in Count Two, the defendant knowingly stole property of value with the intention of depriving the owner of the use or benefit of the property;

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 3
May 19, 2025

Second, the property belonged to the United States; and

Third, the value of the property was more than $1,000.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant agrees that the government can prove each of the following facts beyond a reasonable doubt at trial:

In 2008, defendant was convicted of Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and sentenced to 210 months imprisonment, followed by a five-year term of supervised release. His term of supervised release commenced on July 15, 2022. In April of 2024, Homeland Security Investigations learned that defendant had been maintaining a collection of child pornography on SD cards, and that he was sharing these cards with another registered sex offender. This conduct occurred between on or about March 2, 2024, and April 3, 2024.

Federal agents executed a search warrant at defendant's residence on April 24, 2024, and seized a Samsung cell phone, a dark blue Motorola cell phone, and a tablet from defendant's residence and person. The dark blue Motorola cell phone was forensically extracted, and over 200 media files that met the federal definition of child pornography were located on the device. The child pornography files were all located in the cell phone's cache, or temporary storage. They were saved there when defendant inserted an SD card that he knew contained child pornography into his cell phone to view the child pornography. The files were viewed on defendant's cell phone between March 2, 2024, and April 3, 2024. At least one of the images depicted a very young female child, approximately 3–5 years old, being anally penetrated by an adult male's erect penis.

During the execution of the search warrant, defendant obtained access to an SUV owned by the Department of Homeland Security, an agency of the United States government. The SUV was purchased in 2018 for $27,551.79. Without permission and with the intention of fleeing from federal agents, defendant drove the vehicle on public roads at speeds exceeding 100 miles per hour from Portland, Oregon, into Washington state, evading multiple spike strips that were deployed by law enforcement in an attempt to stop him. During the chase, the stolen vehicle driven by defendant made contact with a vehicle driven by a federal agent who was pursuing defendant. The chase ended when the stolen vehicle crashed and flipped upside down, rendering it a total loss.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 4
May 19, 2025

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.  **Guideline Application**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in the Information. The parties agree that the following guideline calculations presently apply:

    a. Pursuant to USSG §2G2.2, the base offense level is 22;

    b. Pursuant to USSG §2G2.2(b)(2), defendant's offense level is increased by 2 levels because the material involved a prepubescent minor;

    c. Pursuant to USSG §2G2.2(b)(3), defendant's offense level is increased by 2 levels because the defendant knowingly engaged in distribution;

    d. Pursuant to USSG §2G2.2(b)(4), defendant's offense level is increased by 4 levels because the offense involved material that portrays sadistic conduct;

    e. Pursuant to USSG §2G2.2(b)(6), defendant's offense level is increased by 2 levels because the offense involved the use of a computer;

    f. Pursuant to USSG §2G2.2(b)(7)(D), defendant's offense level is increased by 5 levels because the offense involved 600 or more images.

    g. Pursuant to USSG §3C1.2, defendant's offense level is increased by 2 levels because defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

    h. The parties agree that following an adjustment for acceptance of responsibility, defendant's total offense level is 36; and

    i. The parties estimate, but do not stipulate, that defendant's criminal history places him in Criminal History Category II. Defendant understands that this is an estimate only.

9.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 5
May 19, 2025

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.  **Sentencing Recommendation**: The parties will jointly recommend a sentence of 262 months, to run concurrently with defendant's sentence for the pending supervised release violation. The parties will further jointly recommend a life term of supervised release.

11.  **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: The Court shall order restitution to each victim depicted in the images defendant possessed and distributed in the full amount of each victim's losses as determined by the Court. Pursuant to Title 18, United States Code, Section 2259(b)(2)(B), this amount will be no less than $3,000 per victim. Defendant agrees to pay restitution for all losses proximately caused by his conduct.

Defendant further agrees to pay restitution to the United States Government in the amount of $27,551.79.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the Court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. **Forfeiture Terms**:

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 7
May 19, 2025

    A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, which defendant admits were used to facilitate defendant's criminal activity in violation of 18 U.S.C. §2252A as set forth in Count 1 of the Information, including a Black Samsung Cell Phone, a Verve Snap Flip Phone Model Z2336 with serial number 320534705949, and an NT1009 Automotive Diagnostic Platform Computer with serial number O1009d6001677.

    B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

    C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

    D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

    E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

    F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 8
May 19, 2025

18.     **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK
Assistant United States Attorney

Ryan Costello
Re: Grygla Plea Agreement Letter
Page 9
May 19, 2025

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/2/2025
Date

TRAVIS JAY GRYGLA
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/2/2025
Date

Ryan Costello
Attorney for Defendant