SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
MIRA CHERNICK, MAB #696845
Assistant United States Attorney
mira.chernick@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.  3:25-cr-00217-AN |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| TRAVIS JAY GRYGLA, | |
| Defendant. | |

### I.     Introduction

Defendant Travis Jay Grygla is a recidivist sex offender who collected child pornography, shared it with another sex offender, and then stole a government vehicle and led law enforcement on a high-speed chase across state lines while fleeing a federal search warrant. The government joins with the defendant and the United States Probation Office in recommending that the Court impose a sentence of 262 months' imprisonment, a life term of supervised release, restitution of $27,551.79 to the United States Government, and a $200 special assessment.  The government recommends that this sentence of imprisonment run concurrently with any sentence imposed for defendant's violation of supervised release in 3:08-cr-00268-AN.

II.     **Sentence Recommendation**

The Court should adopt the joint recommendation of the parties and the United States Probation Office.

The PSR correctly calculates defendant's offense level as 36 and his criminal history category as II, resulting in an advisory guidelines range of 210–262 months. The joint recommendation of 262 months' imprisonment is at the high end of this range, and reflects defendant's extremely poor performance on supervision, his history of repeated offenses against children, and his dangerous flight from law enforcement in a stolen government vehicle during the execution of a lawful search warrant. The nature and circumstances of the offense in this case were egregious, and a high-end sentence of 262 months followed by lifetime supervision is sufficient but no greater than necessary to provide just punishment and protect the public from future crimes by this defendant.

In agreeing on a sentencing recommendation at the high end of the guidelines, the parties took into account the fact that defendant was on federal supervision at the time of the offense. While defendant's conduct was a profound breach of the Court's trust, the recommended sentence is a significant sanction that adequately addresses that breach and provides deterrence from future violations. The recommended lifetime term of supervised release will ensure that defendant remains accountable to the Court after he serves his lengthy sentence, and that additional sanctions are available if defendant's performance on supervision does not improve. Accordingly, any sentence for defendant's supervised release violation in case number 3:08-cr-00268-AN should be imposed to run concurrently with the sentence of imprisonment in this case.

The government respectfully urges the Court to adopt the recommendation of the parties and the probation officer and impose sentences of 262 months on Count 1 and 120 months on Count 2 to run concurrently with each other and with any sentence imposed for defendant's supervised release violation, a life term of supervised release on Count 1 and a three-year term of

supervised release on Count 2, restitution to the United States Government in the amount of $27,551.79, and a $200 fee assessment.

| | |
|---|---|
| Dated: August 20, 2025 | Respectfully submitted, |
| | SCOTT E. BRADFORD<br>Acting United States Attorney |
| | */s/ Mira Chernick*<br>MIRA CHERNICK, MAB #696845<br>Assistant United States Attorney |